UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

UNITED STATES OF AMERICA,

        Plaintiff,

        v.

LEONEL RIVERA,

        Defendant.

NO. CR. S-97-0040 WBS

ORDER

----oo0oo----

        Defendant Leonel Rivera has filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence on the ground that his sentence was enhanced with quantities and other facts not found by the jury, citing <u>Blakely v. Washington</u>, 124 S.Ct. 2531 (2004).

        Rivera's conviction became final on April 26, 2000, when he was sentenced to a term of 360 months and a fine of $20,000, plus a $200 special penalty assessment, for conspiracy and possession with intent to distribute methamphetamine.  His petition challenging the sentence was not filed until May 16, 2005.  Claims such as Rivera's, based on <u>Blakely</u> and <u>United States v. Booker</u>, 125 S.Ct 738 (2005), may not be raised for the first time in a petition under section 2255 filed more than one

1

1  year after the expiration of the latest of the events listed in
2  the sixth paragraph of section 2255.[1]  In <u>Cooper-Smith v.
3  Palmateer</u>, 397 F.3d 1236, 1246 (9th Cir. 2005), the Ninth Circuit
4  held that the rule enunciated in <u>Apprendi v. New Jersey</u>, 530 U.S.
5  466 (2000), and expanded in <u>Blakely</u>, is not retroactive and
6  cannot be invoked by prisoners seeking collateral review of their
7  sentences.
8           Further, the Supreme Court established in <u>Booker</u> that
9  under the federal sentencing system the judge is not limited to
10 facts found by the jury in determining the appropriate sentence.
11 In particular, the sentencing judge may rely upon facts admitted
12 by the defendant, as in this case, where defendant stipulated at
13 trial to the quantity of methamphetamine.[2]
14          IT IS THEREFORE ORDERED that Rivera's motion for relief
15 under 28 U.S.C. § 2255 be, and the same hereby is, DENIED.
16 DATED: June 24, 2005

                                    WILLIAM B. SHUBB
                                    UNITED STATES DISTRICT JUDGE

---

[1]     There is no suggestion that any of the events enumerated in the sixth paragraph of section 2255 occurred within one year of the date this petition was filed.

[2]     At the time of filing his reply to the government's opposition to his motion, on June 20, 2005, Rivera requested leave to amend his motion to include a claim of ineffective assistance of counsel by virtue of his attorneys' failure to raise his <u>Blakely</u> arguments at trial or on appeal.  Because such arguments would have been without merit, counsel were not ineffective for failing to raise them.  Rivera's request to amend his motion is therefore denied, because it would be futile.