1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10                               ----oo0oo----

11    UNITED STATES OF AMERICA,
                                            NO. CR-97-0040 WBS
12              Plaintiff,

13         v.

14    LEONEL RIVERA,                        ORDER

15

16              Defendant.

17                               ----oo0oo----

18         Defendant Leonel Rivera, in propria persona, has filed

19    a "petition for reconsideration of reduction [of] sentence" on

20    the ground that his sentence was enhanced with quantities and

21    other facts not found by the jury, citing United States v.

22    Booker, 543 U.S. 220 (2005).

23         Rivera files this motion under 18 U.S.C. § 3582(c)(2),

24    which provides, in relevant part, that:

25         The court may not modify a term of imprisonment once it
           has been imposed except that -
26         (2) in the case of a defendant who has been sentenced
           to a term of imprisonment based on a sentencing range
27         that has subsequently been lowered by the Sentencing
           Commission . . . the court may reduce the term of
28         imprisonment . . . if such reduction is consistent with

                                     1

applicable policy statements issued by the Sentencing
Commission.

18 U.S.C. § 3582(c)(2).  However, Rivera's motion does not point
to the Sentencing Commission lowering the relevant sentencing
range, but challenges the constitutionality of his sentence,
specifically that mandatory guidelines were found
unconstitutional and changed in the wake of the Supreme Court's
decisions.

Claims such as Rivera's, based on Booker, 543 U.S. 220,
and Blakley v. Washington, 542 U.S. 296 (2004), are more properly
construed as motions under § 2255.  Wyche v. United States, 317
F. Supp. 2d 1, 13 (D.D.C. 2004) (Where "the petitioner
essentially claims that the trial court improperly based his
sentence on facts that the jury did not determine to be true
beyond a reasonable doubt . . . the more appropriate vehicle for
this line of attack . . . is a section 2255 motion because that
statute provides a mechanism for challenging an illegally imposed
sentence.")

Rivera's conviction became final on April 26, 2000,
when he was sentenced to a term of 360 months and fine of
$20,000, plus a $200 special penalty assessment, for conspiracy
and possession with intent to distribute methamphetamine.  His
first § 2255 motion was denied on June 24, 2005.

The filing of second and successive motions under §
2255 is prohibited unless the petitioner has obtained
certification from the Court of Appeals.  28 U.S.C. § 2244;
United States v. Allen, 157 F.3d 661, 664 (9th Cir. 1998).

The law currently in effect indicates that unless and

until defendant receives permission from the Ninth Circuit to file a successive habeas petition, this court cannot consider defendant's further arguments for relief.  <u>Cooper v. Calderon</u>, 274 F.3d 1270, 1274 (9th Cir. 2001) ("The district court correctly recognized that Cooper's petition was 'second or successive' under Section 2244(b).  Once it did so, however, it lacked jurisdiction to consider the merits of his petition.").  Because defendant has not obtained certification to file a successive motion under § 2255, this court lacks jurisdiction over this motion.  Thus, the court cannot grant defendant's motion to correct his sentence because it is procedurally barred.[1]

IT IS THEREFORE ORDERED that defendant's motion for a reduction of sentence, filed June 7, 2007, be, and the same hereby is, DENIED.

DATED:  June 19, 2007

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[1]      Further, review of Rivera's successive petition is barred because the Supreme Court has not made <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), <u>Blakely</u>, 542 U.S. 296, or <u>Booker</u>, 543 U.S. 220, retroactively applicable to cases on collateral review, as required by 28 U.S.C. § 2244(b)(2)(A).  <u>See</u>, <u>e.g.</u>, <u>Green v. United States</u>, 397 F.3d 101 (2d Cir. 2005); <u>United States v. Anderson,</u> 396 F.3d 1336 (11th Cir. 2005).