UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

UNITED STATES OF AMERICA,

        Plaintiff,

    v.

LEONEL RIVERA,

        Defendant.

NO. CR. 97-0040 WBS

ORDER RE: MOTION TO DISMISS

----oo0oo----

Defendant Leonel Rivera filed a pro se motion for modification of imposition of fine pursuant to 18 U.S.C. § 3572. The United States now moves to dismiss defendant's motion for lack of jurisdiction.

On September 3, 1999, defendant was convicted of possession of methamphetamine with intent to distribute in violation of 21 U.S.C. § 841(a) and 18 U.S.C. §2 and conspiracy to do the same in violation of 21 U.S.C. § 846. Defendant was sentenced to a term of 360 months and fine of $20,000, plus a $200 special penalty assessment, on April 26, 2000. After the Ninth Circuit affirmed his conviction on appeal, this court

denied defendant's initial 28 U.S.C. § 2255 habeas petition on June 24, 2005.  On June 7, 2007, defendant filed a motion for reconsideration of reduction of sentence under 18 U.S.C. § 3582(c)(2), which was recategorized as a successive § 2255 motion and subsequently denied on June 19, 2007.

In his present motion pursuant to 18 U.S.C. § 3572, defendant petitions the court to vacate or decrease or his $20,000 fine upon the ground that he is currently "with no means of ever being able to satisfy his obligation."  Under § 3572, however, the court may only "adjust the payment schedule, or require immediate payment in full."[1]  18 U.S.C. § 3572(d)(3).  Therefore, even if defendant's purported predicament evinced a "material change in the defendant's economic circumstances that might affect the defendant's ability to pay the fine," as defendant alleges, the court cannot vacate or decrease the amount of his fine.

Defendant suggests in his moving papers that he "was represented by ineffective legal counsel who failed to make any attempt or put forth any effort to oppose such imposition of a fine . . . ."  Insofar as defendant's instant request relies on this "ineffective assistance of counsel" contention, the court would have to recategorize it as a successive 28 U.S.C. § 2255

---

[1] The court previously denied defendant's request to adjust the payment schedule in its Order of April 13, 2005, in which it found that any alternative schedule of installment payments could hinder the Bureau of Prisons from collecting on the fine while defendant is in prison.  (Apr. 13, 2005 Order 1:17-19.)  That motion was denied without prejudice, and the court suggested that defendant could later request the probation officer to set up a payment schedule after defendant is released from prison.  (Id. at 1:20-22.)

motion. Massaro v. United States, 538 U.S. 500, 504 (2003); see also Castro v. United States, 540 U.S. 375, 381 (2003) (allowing federal courts to "ignore the legal label that a pro se litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category"). Because defendant has already filed two § 2255 motions, this court lacks jurisdiction to hear a third § 2255 motion without certification from the Ninth Circuit Court of Appeals. See Gonzalez v. Crosby, 545 U.S. 524, 530 (2005) (holding that before a district court can accept a successive habeas petition, "the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions").

IT IS THEREFORE ORDERED that the United States' motion to dismiss defendant's request for modification of imposition of fine be, and the same hereby is, GRANTED.

DATED:  June 12, 2008

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE