UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>LEONEL RIVERA,<br><br>        Defendant. | CR. NO. 2:97-40 WBS<br><br><u>MEMORANDUM AND ORDER RE: MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2)</u> |

----oo0oo----

Before the court is defendant Leonel Rivera's Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(c)(2). (Docket No. 240.) For the reasons explained below, defendant does not qualify for a sentence reduction, and the court must therefore deny the motion.

I. <u>Background</u>

On September 20, 1999, a jury returned guilty verdicts on both counts of an indictment charging defendant with conspiracy to distribute methamphetamine and possession of

1

1  methamphetamine with the intent to distribute it.  (Docket No.
2  115); see 21 U.S.C. § 841(a)(1) & (6).  Under § 2D1.1 of the 1998
3  Sentencing Guidelines, defendant's conviction carried a base
4  offense level of thirty-four, which was increased by two levels
5  for obstruction of justice pursuant to U.S.S.G. § 3C1.1.
6  (Presentencing Report ("PSR") ¶¶ 17, 21-22.)  This brought
7  defendant's offense level to thirty-six.  (Id. ¶ 23.)
8          Before sentencing, the government filed an information
9  alleging prior drug felony convictions pursuant to 21 U.S.C.
10 § 851.  (Id. ¶ 1.)  Defendant's two prior felony convictions for
11 controlled substance offenses, in addition to his latest
12 conviction, classified him as a career offender pursuant to
13 U.S.S.G. § 4B1.1.  (Id. ¶ 24.)  Under that provision, defendant's
14 offense level automatically became thirty-seven, and he was
15 placed in criminal history category VI.  (Id. at 16.)  The
16 applicable guideline range was calculated at 360 months to life.
17 (Id.)
18         The court held a sentencing hearing on April 26, 2000.
19 (Docket No. 142.)  It imposed a sentence of 360 months, the
20 bottom of the guideline range.
21         On December 1, 2014, defendant filed a pro se motion to
22 reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) in light
23 of the Sentencing Commission's passage of Amendment 782.  (Docket
24 No. 232.)  That amendment retroactively reduces by two points the
25 offense level of defendants convicted of certain drug offenses.
26 See U.S.S.G. App. C, Amend. 782 (2014).  The court subsequently
27 appointed counsel for defendant, and counsel filed an amended
28 motion.

II. <u>Discussion</u>

Section 3582(c)(2) provides, in relevant part:

> The court may not modify a term of imprisonment once it has been imposed except that . . . in the case of a defendant who has been sentenced to a term of imprisonment <u>based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)</u>, . . . the court may reduce the term of imprisonment . . . .

18 U.S.C. § 3582(c)(2) (emphasis added). The Ninth Circuit has interpreted this language to authorize modifications only "if . . . the sentence is based on a sentencing range that has subsequently been lowered by the Sentencing Commission." <u>United States v. Wesson</u>, 583 F.3d 728, 730 (9th Cir. 2009) (internal quotation marks and citation omitted).

Amendment 782 modifies § 2D1.1's Drug Quantity Table to lower base offense levels by two points for most federal drug offenders. However, defendant's classification as a career offender caused his sentence to be based on § 4B1.1, not § 2D1.1. See <u>Wesson</u>, 583 F.3d at 731 (holding that § 4B1.1 establishes a sentencing scheme that is "mutually exclusive" of drug offender ranges calculated under § 2D1.1). Accordingly, because defendant's sentence was not based on a sentencing range that has subsequently been lowered by the Sentencing Commission, the court does not have the authority to reduce his sentence. See <u>United States v. Charles</u>, 749 F.3d 767, 770 (9th Cir. 2014) ("[R]etroactive amendments regarding sentences under the drug guidelines do not affect individuals who were sentenced as career offenders."); <u>Zeich v. United States</u>, Civ. No. 1:93-CR-05217 LJO, 2014 WL 6774878, at *2 (E.D. Cal. Nov. 10, 2014) (holding that a

1  defendant sentenced as a career offender was ineligible for a
2  sentence reduction based on Amendment 782).
3       Defendant also argues he was incorrectly sentenced
4  because the jury failed to find certain facts beyond a reasonable
5  doubt that raised his statutory maximum sentence in violation of
6  Apprendi v. New Jersey, 530 U.S. 466 (2000).  This line of
7  argument goes beyond the court's authority under § 3582(c)(2),
8  which "authorize[s] only a limited adjustment to an otherwise
9  final sentence and not a plenary resentencing proceeding."
10 Dillon v. United States, 560 U.S. 817, 826 (2010).
11      Moreover, Apprendi was decided two months after
12 defendant was sentenced, and the Ninth Circuit has held that
13 Apprendi does not apply retroactively to cases on collateral
14 review.  See United States v. Sanchez-Cervantes, 282 F.3d 664,
15 671 (9th Cir. 2002).  Even if the court were to construe
16 § 3582(c)(2) as authorizing a collateral attack on defendant's
17 sentence, defendant still could not benefit from the rule
18 announced in Apprendi.  This argument is therefore without merit.
19      IT IS THEREFORE ORDERED that defendant's motion for
20 reduction of sentence pursuant to § 3582(c)(2) be, and the same
21 hereby is, DENIED.
22 Dated:  July 17, 2015

   WILLIAM B. SHUBB
   UNITED STATES DISTRICT JUDGE