UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>     v.<br><br>LEONEL RIVERA,<br><br>             Defendant. | No. 2:97-cr-00040 WBS<br><br><br><br>ORDER |

----oo0oo----

Defendant Leonel Rivera has filed a Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A) (Docket No. 262).  A defendant may obtain compassionate release only through a motion by the Director of the Bureau of Prisons or upon the defendant's own motion "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]"  18 U.S.C. § 3582(c)(1)(A).  This administrative exhaustion

1

requirement is mandatory.  See, e.g., United States v. Keller, 2 F.4th 1278, 1282 (9th Cir. 2021).

Here, defendant submitted a request for compassionate release to his warden in 2021, and then made a request to this court which was denied shortly thereafter.  (See Docket Nos. 249 at 5, 261.)  However, there is no indication that defendant made any request to the Bureau of Prisons for his release before filing the instant motion, which is largely based on different grounds than the 2021 request.[1]  See Keller, 2 F.4th at 1283 (earlier request to warden which served as predicate for first compassionate release motion with district court did not exhaust administrative remedies for later compassionate release motion).  Accordingly, defendant has not exhausted his administrative remedies and the court will deny the motion for compassionate release.

Defendant also requests that the court grant "judgment in his favor" on his motion for compassionate release due to the government's purported failure to respond to his motion for compassionate release.  (Docket No. 272.)  Because the government did respond to the motion for compassionate release (see Docket No. 266), and because defendant has not exhausted his administrative remedies, that motion will also be denied.

IT IS THEREFORE ORDERED that defendant's motion for compassionate release (Docket No. 262) be, and the same hereby is, DENIED without prejudice to refiling after defendant has

---

[1] The government also represents that the Bureau of Prisons has been unable to locate any new request for compassionate release or reduction in sentence submitted by defendant.  (Docket No. 266 at 4.)

1 | shown that he has exhausted his administrative remedies with the
2 | Bureau of Prisons.
3 |      IT IS FURTHER ORDERED that defendant's motion for
4 | judgment (Docket No. 272) be, and the same hereby is, DENIED.
5 | Dated:  October 3, 2023

*[signature]*

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE